**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

RICKEY D. WILLIS,

      Plaintiff,

v.                                  Case No. 12-10011

COMMISSIONER OF SOCIAL SECURITY,

      Defendant.

_____/

**OPINION AND ORDER (1) OVERRULING PLAINTIFF'S OBJECTIONS,
(2) ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION,
(3) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND
(4) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

      Plaintiff Rickey D. Willis appeals from Defendant Commissioner of Social

Security's denial of disability insurance benefits.  The Magistrate Judge issued a Report

and Recommendation ("R&R") advising the court to deny Plaintiff's motion for summary

judgment and grant Defendant's motion for summary judgment.  Plaintiff timely filed

objections to the R&R to which Defendant responded.  After reviewing the R&R and the

parties' briefs, the court concludes that a hearing is unnecessary.  *See* E.D. Mich. LR

7.1(f)(2).  For the reasons stated below and in the R&R, the court will overrule Plaintiff's

objections, adopt the R&R, grant Defendant's motion for summary judgment, and deny

Plaintiff's motion for summary judgment.

**I. STANDARD**

**A. Timely Objections and *De Novo* Review**

      The filing of timely objections to an R&R requires the court to "make a *de novo*

determination of those portions of the report or specified findings or recommendations

to which objection is made."  28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  This *de novo* review requires the court to re-examine all of the relevant evidence previously reviewed by the magistrate judge in order to determine whether the recommendation should be accepted, rejected, or modified in whole or in part.  28 U.S.C. § 636(b)(1).

"The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately," *Walters*, 638 F.2d at 950, enabling the court "to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute," *Thomas v. Arn,* 474 U.S. 140, 147 (1985).  As a result, "'[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.'" *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

### B. Substantial Evidence Standard

In a social security case, the court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'"  *Rabbers v. Comm'r Soc. Sec. Admin.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g).  When, as here, the Appeals Council declines review of a plaintiff's claim, "the decision of the ALJ becomes the final decision of the [Commissioner]." *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993).

2

The court's review of the record for substantial evidence is quite deferential to the ALJ.  "Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Pittsburgh & Conneaut Dock Co. v. Dir., Office of Workers' Comp. Programs*, 473 F.3d 253, 259 (6th Cir. 2007), "even if that evidence could support a decision the other way," *Casey*, 987 F.2d at 1233.  Moreover, the court bases its review on the entire administrative record, not just what the ALJ cited.  *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001).  "Even if supported by substantial evidence, however, a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007) (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

## II. DISCUSSION

### A. Objection # 1

Plaintiff argues that the Magistrate Judge erred in finding that Dr. Wagner and Dr. Keeling were not treating physicians.  20 C.F.R. § 404.1502 defines a treating source:

> Treating source means your own physician, psychologist, or other acceptable medical source who provides you, or has provided you, with medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with you.  Generally, we will consider that you have an ongoing treatment relationship with an acceptable medical source when the medical evidence establishes that you see, or have seen, the source with a frequency consistent with accepted medical practice for the type of treatment and/or evaluation required for your medical condition(s).

3

"[T]he Sixth Circuit has declined to find that an ongoing treatment relationship exists after just two or three examinations." *Cooper v. Astrue*, No. 2:10-cv-00168, 2011 WL 1118514, at *10 (S.D. Ohio Jan. 25, 2011) (citing *Yamin v. Comm'r of Soc. Sec.*, 67 F. App'x 883, 885 (6th Cir. 2003); *Boucher v. Apfel*, 238 F.3d 419, 2000 WL 1769520, at *9 (6th Cir. 2000) (table)). The relevant inquiry "is whether [a patient] had the ongoing relationship with [the physician] to qualify as a treating physician *at the time he rendered his opinion.*" *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 506 (6th Cir. 2006).

Dr. Wagner saw Plaintiff only once and, therefore, certainly did not have an "ongoing treatment relationship" with Plaintiff. Plaintiff argues that, in determining whether Dr. Wagner was a treating physician, the court should also count Plaintiff's visits with Dr. Wagner's physician's assistant, Richard Call. The argument is unpersuasive as only acceptable medical sources can constitute treating sources, 20 C.F.R. § 404.1502, and physicians' assistants are defined as non-acceptable medical sources, 20 C.F.R. §§ 404.1513(a), (d)(1).

Dr. Keeling issued his opinions after seeing Plaintiff twice. The Commissioner "may consider an acceptable medical source who has treated or evaluated [a patient] only a few times or only after long intervals (e.g., twice a year) to be [the patient's] treating source if the nature and frequency of the treatment or evaluation is typical for [the patient's] condition(s)." 20 C.F.R. § 404.1502. Plaintiff offers no evidence or reasoning to establish that being treated twice by a physician is typical for his conditions. Dr. Keeling continued to evaluate Plaintiff after issuing his opinions, and Plaintiff argues that "[s]ubsequent visits, even if they occur after the date a doctor expresses an opinion, are relevant to determine whether a treating relationship, in fact,

4

existed at the time the opinion was expressed." (Pl.'s Objections at 5, Dkt. # 16.)

However, Plaintiff cites no authority for this proposition, and the court finds it meritless.

Neither Dr. Wagner nor Dr. Keeling had established an ongoing treatment relationship

with Plaintiff at the time they issued their opinions. The court will overrule the objection.

### B. Objection # 2

Plaintiff claims that the Magistrate Judge failed to find that the ALJ reversibly

erred by determining at step 2 that Plaintiff's dysthymia, a type of chronic depression,

was not a severe impairment. A claimant's burden of proof at step two "has been

construed as a *de minimis* hurdle in the disability determination process." *Higgs v.*

*Bowen*, 880 F.2d 860, 862 (6th Cir. 1988). "[A]n impairment can be considered not

severe only if it is a slight abnormality that minimally affects work ability regardless of

age, education, and experience." *Id.*

Plaintiff alleges that he became unable to work due to disability on March 9,

2007. (Tr. 16.) In 2007, New Beginnings Counseling diagnosed Plaintiff with dysthymia

and assigned Plaintiff a Global Assessment of Functioning ("GAF") score of 40-50. (Tr.

347-48.) GAF scores between 40-50 indicate "serious symptoms" or "serious

impairment in social, occupational, or school functioning." Diagnostic and Statistical

Manual of Mental Disorders 32 (4th ed. 1994). The ALJ referenced the 2007 GAF score

before finding that Plaintiff's dysthymia was not severe. (Tr. 18.) However, Plaintiff

argues that the ALJ did not properly consider the significance of the GAF score and,

therefore, that the ALJ's finding was not supported by substantial evidence.

The ALJ found that Plaintiff's dysthymia was not severe because it did "not cause

more than a minimal limitation in [Plaintiff's] ability to perform basic mental work

activities." (Tr. 18.) The ALJ supported this conclusion by citing to evidence in the record. The ALJ considered Dr. Marshall's 2008 assessment which found that Plaintiff's mental impairment was not severe. (Tr. 18, 636.) The ALJ noted that Dr. Keeling in 2009 found that claimant had no mental limitations. (Tr. 18.) The ALJ continued by addressing the "paragraph B" criteria—the four broad functional areas for evaluating mental disorders. 20 C.F.R. § 404 app. 1. The ALJ analyzed each functional area separately and concluded that Plaintiff's mental impairment was not severe because it caused "no more than 'mild' limitation" in the first three functional areas and no limitation in the fourth functional area. (Tr. 19.)

Furthermore, the ALJ's failure to give significant weight to the GAF score does not suggest that his determination was not supported by substantial evidence. "[T]he Commissioner has declined to endorse the Global Assessment Functioning score for use in the Social Security and Supplemental Security Income disability programs, and has indicated that Global Assessment Functioning scores have no direct correlation to the severity requirements of the mental disorder listings." *DeBoard v. Comm'r of Soc. Sec.*, 211 F. App'x 411 415 (6th Cir. 2006) (citation and alterations omitted). The Sixth Circuit has held that it is "not aware of any statutory, regulatory, or other authority requiring the ALJ to put stock in a GAF score." *Kornecky*, 167 F. App'x at 511. "[T]he failure to reference a Global Assessment Functioning score is not, standing alone, sufficient ground to reverse a disability determination." *DeBoard*, 211 F. App'x at 415 (citing *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 341 (6th Cir. 2002)). Thus, the Sixth Circuit has "affirmed denials of disability benefits where applicants had Global

6

Assessment Functioning scores of 50 or lower." *DeBoard*, 211 F. App'x at 415
(collecting cases).

The court must affirm the Commissioner's decision if it is supported by
substantial evidence. *Rabbers*, 582 F.3d at 651. "Substantial evidence exists when a
reasonable mind could accept the evidence as adequate to support the challenged
conclusion, even if that evidence could support a decision the other way." *Casey*, 987
F.2d at 1233. The ALJ supported with substantial evidence his finding that Plaintiff's
dysthymia was not severe. The objection is overruled.

### C. Objection # 3

Plaintiff objects to the Magistrate Judge's finding that the ALJ's credibility
analysis was supported by substantial evidence. Plaintiff argues that MRIs and CT
scans showed nerve root and spinal cord compression, but that the ALJ erroneously
found to the contrary. Therefore, Plaintiff claims that the objective medical evidence
supports the severity of his complaints of pain, thereby rendering the ALJ's credibility
analysis incorrect.

The court evaluates a claimant's assertions of pain under a two-prong test:

> First, we examine whether there is objective medical evidence of an
> underlying medical condition. If there is, we then examine: (1) whether
> objective medical evidence confirms the severity of the alleged pain arising
> from the condition; or (2) whether the objectively established medical
> condition is of such a severity that it can reasonably be expected to produce
> the alleged disabling pain.

*Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997) (citations omitted).

"[I]f disabling severity cannot be shown by objective medical evidence alone, the
Commissioner will also consider other factors, such as daily activities and the type and

7

dosage of medication taken." *Id.* (citing 20 C.F.R. § 404.1529(c)(3)).  The ALJ found

that "there was no [medical] evidence of nerve root or spinal cord compression."  (Tr.

23.)  After reviewing the extensive objective medical evidence, opinion evidence, and

other evidence, (Tr. 20-24), the ALJ concluded that "although the existence of

[degenerative disc disease] is documented by the medical evidence of record, the

alleged severity is not."  (Tr. 23.)

Plaintiff argues that the objective medical evidence shows nerve root and spinal

cord compression and, therefore, "clearly" supports the severity of Plaintiff's pain.  (Pl.'s

Objections at 13, Dkt. # 16.)  However, Plaintiff identifies only one piece of objective

medical evidence that supports his claim that he suffered nerve root and spinal cord

compression: an April 2007 lumbar MRI which found a "small central disc herniation at

L5-S1 resulting in mild compression of the anterior thecal sac."  (Tr. 895.)  The ALJ

acknowledged this MRI in his analysis, (Tr. 21), but found that the entire record of

objective medical evidence, including the CT scans, MRIs, and x-rays of Plaintiff's

lumbar spine, did not confirm the severity of Plaintiff's pain, (Tr. 23).  "The absence of

sufficient objective medical evidence makes credibility a particularly relevant issue, and

in such circumstances, this court will generally defer to the Commissioner's assessment

when it is supported by an adequate basis."  *Walters*, 127 F.3d at 531.  The ALJ

supported his assessment of the severity of Plaintiff's pain by noting, among other

things, that: Dr. Van der Harst in 2007 observed that Plaintiff could perform push-ups,

had normal ambulation, and needed less pain medication, (Tr. 24); Dr. Lee in 2007

noted that Plaintiff had a normal spinal range of motion and full motor strength, (Tr. 24);

Plaintiff in 2007 reported improvement from taking lumbar facet block injections, (Tr.

8

24); after fusion surgery in September 2008, Plaintiff denied numbness and tingling and, by November 2008, reported decreased pain, no leg give-way, and increased trunk motion, (Tr. 24); and that Plaintiff reported being able to grocery shop, take care of his dogs, and perform household chores, (Tr. 23).

It is not the role of the reviewing court "to resolve conflicting evidence in the record or to examine the credibility of the claimant's testimony." *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2002). Instead, the court must determine whether the Commissioner's determination was supported by substantial evidence. *Id.* Here, the ALJ offered substantial evidence to support his credibility finding. The court must give an ALJ's credibility determinations "great weight and deference," *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 476 (6th Cir. 2003), and may not disturb them "absent compelling reason," *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001). The ALJ's conclusion that "there was no evidence of nerve root or spinal cord compression," (Tr. 23), in light of a single MRI that showed "mild compression" does not constitute a "compelling reason" to warrant reversing the ALJ's credibility analysis. The court will overrule the objection.

### D. Objection # 4

Plaintiff objects to the Magistrate Judge's finding that the ALJ's failure to consider Plaintiff's workers' compensation award was a harmless error. As evidence of his disability, Plaintiff provided a Redemption Order, signed by a magistrate judge for the Michigan Department of Energy, Labor & Economic Growth Workers' Compensation Agency, that awarded Plaintiff $33,000 in workers' disability compensation benefits. (Tr. 327.) The Commissioner is

> required to evaluate all the evidence in the case record that may have a
> bearing on [the Commissioner's] determination of disability, including
> decisions by other governmental and nongovernmental agencies (20 CFR
> 404.1512(b)(5) and 416.912(b)(5)).   Therefore, evidence of a disability
> decision by another governmental or nongovernmental agency cannot be
> ignored and must be considered.

S.S.R. 06-03p.  It does not appear, from the ALJ's decision, that he considered the

workers' compensation award in determining that Plaintiff was not disabled.

"[A]n agency's violation of its procedural rules will not result in reversible error

absent a showing that the claimant has been prejudiced on the merits or deprived of

substantial rights because of the agency's procedural lapses."  *Wilson v. Comm'r of*

*Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004) (citation and emphasis omitted).  "[T]he

burden of showing that an error is harmful normally falls upon the party attacking the

agency's determination."  *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

Plaintiff has not met this burden.  The underlying reason for considering disability

determinations made by other agencies is that the determinations "*may* provide insight

into the individual's mental and physical impairment(s) and show the degree of disability

determined by these agencies based on their rules."  S.S.R. 06-03p (emphasis added).

But "because other agencies may apply different rules and standards than [the Social

Security Administration applies] for determining whether an individual is disabled, this

may limit the relevance of a determination of disability made by another agency."  *Id.*

While the fact that Plaintiff received workers' disability compensation benefits may

constitute evidence of Plaintiff being disabled, the Redemption Order neither includes a

medical opinion nor explains what disability standards were applied to the finding that

Plaintiff was entitled to benefits.  Thus, the Redemption Order provided the ALJ with

little to consider.  The ALJ supported his decision that Plaintiff was not disabled with objective medical evidence, opinion evidence, and other evidence in accordance with 20 C.F.R. § 404.1529(a).  (Tr. 20-24.)  Furthermore, another governmental agency's disability determination is not binding on the Commissioner's disability determination. 20 C.F.R. § 404.1504 ("[A] determination made by another agency that you are disabled or blind is not binding on us.").  Plaintiff asserts that consideration of the Redemption Order "would have resulted in the ALJ Decision giving greater weight to Plaintiff's testimony regarding the extent and severity of his symptoms and would have resulted in a finding of disability."  (Pl.'s Mot. Summ. J. at 28, Dkt. # 10.)  A bare, hoped-for conclusion such as this, unaccompanied by a logical argument, fails to meet Plaintiff's burden of *showing* that the ALJ's error was harmful.  *Shinseki*, 556 U.S. at 409.  The objection is overruled.

### III. CONCLUSION

Accordingly, IT IS ORDERED that Plaintiff's objections [Dkt. # 16] are OVERRULED and that the Magistrate Judge's report and recommendation [Dkt. # 15] is ADOPTED IN FULL AND INCORPORATED BY REFERENCE.

IT IS FURTHER ORDERED that Defendant's motion for summary judgment [Dkt. # 14] is GRANTED and that Plaintiff's motion for summary judgment [Dkt. # 10] is DENIED.

    s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  February 27, 2013

11

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, February 27, 2013, by electronic and/or ordinary mail.

s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522